IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM L. SMITH, #202001493,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**PAUL URASKI and** )<br>**FRANKLIN COUNTY JAIL,** )<br>)<br>**Defendants.** ) | Case No. 22-cv-01655-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Smith, a detainee at Franklin County Jail, brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983. In the First Amended Complaint, Plaintiff includes two separate "Notice[s] of Complaint." (Doc. 27). The first alleges claims of excessive force during his arrest by Deputy Paul Uraski on March 13, 2022. (*Id*. at 6-8). The second addresses claims of inadequate medical care for his injuries at Franklin County Jail. (*Id*. at 9-11). Plaintiff incorporates the separate complaints into one statement of claim. (*Id*. at 12-14).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A. Before the Court screens the First Amended Complaint, however, it must first determine whether any claims are improperly joined in this action and subject to severance. *Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. Dec. 15, 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1

**Discussion**

The Court has reviewed the *pro se* First Amended Complaint and identified the following two claims:

**Count 1:** Fourth Amendment excessive force claim against Deputy Paul Uraski for injuring Plaintiff during his arrest on March 13, 2022.

**Count 2:** Fourth, Eighth, or Fourteenth Amendment claim for denial of Plaintiff's medical care at Franklin County Jail.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The First Amended Complaint presents joinder problems that must be addressed before the Court can screen this matter under 28 U.S.C. § 1915A. Count 1 arises from events that occurred during Plaintiff's arrest and involved Deputy Paul Uraski. Count 2 arises from different events that occurred at Franklin County Jail when Sergeant Pemberton denied Plaintiff medical care for his injuries. These two claims arise from distinct events, involve different defendants, and implicate separate legal issues. As such, Counts 1 and 2 cannot proceed together in the same case.

According to the Federal Rules of Civil Procedure, multiple defendants may not be joined in a single action unless the plaintiff brings at least one claim to relief against each that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607 (citing FED. R. CIV. P. 20(a)(1)(A)-(B)). Rule 21 grants district courts broad discretion when presented with misjoinder and authorizes the court to add or drop a party or sever any claim at any time. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing FED. R. CIV. P. 21). In this particular case, the Court will give Plaintiff the first opportunity to decide which claim he wishes to pursue in this case and which claim he would like to pursue in a separate action.

This is consistent with the framework that the Seventh Circuit Court of Appeals recently provided for complaints containing joinder issues. *See Dorsey,* 2022 WL 17688525 at *9. When presented with a complaint filed by a prisoner who sues government defendants, the Court advised district courts to first assess whether joinder is proper under Rule 20 before considering the merits of the claims. *Id*. at *9. If joinder is improper, the court may: (a) strike the complaint and grant leave to amend, *see Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); (b) dismiss improperly joined defendants, if doing so will not prevent the plaintiff from timely refiling those claims, *see* FED. R. CIV. P. 21; or (c) sever the case into two or more actions, *see id*. Of these options, the Seventh Circuit urged a "district court faced with misjoined claims [to] begin . . . by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem." *Id*. In light of *Dorsey*, the Court will strike the First Amended Complaint for improper joinder and give Plaintiff an opportunity to file a Second Amended Complaint that focuses on the claim he wishes to pursue herein, *i.e.*, Count 1 or Count 2. If he improperly joins unrelated claims and defendants in the Second Amended Complaint, the Court will decide which one(s) he can pursue in this case and which one(s) will be severed into one or more separate suits.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 27) is **STRICKEN** for improper joinder of claims and/or defendants. *See Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. 2022) (citing FED. R. CIV. P. 18-21). Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **March 21, 2023** that focuses on the properly joined claim(s) he wishes to pursue herein, Count 1 or Count 2.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632,

638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments.  Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.  He should also list this case number on the first page (*i.e.*, Case No. 22-cv-01655-JPG).  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If the Second Amended Complaint presents joinder problems, the Court will exercise its discretion under Rule 21 to sever or dismiss one or more claims or defendants.  To avoid this, Plaintiff should focus his Second Amended Complaint on Count 1 or Count 2, not both.  He may file a separate lawsuit to pursue the other claim.  When doing so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under § 1983 and bring any new suit before this 2-year time period expires.  Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(g).

Should Plaintiff fail to file his Second Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case may be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  **Failure to comply with this order will cause a delay in the**

**transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).**

The Clerk is **DIRECTED** to mail Plaintiff two (2) blank civil rights complaint forms for use in preparing the Second Amended Complaint and any other suit he wishes to bring.

**IT IS SO ORDERED.**

**DATED: 2/21/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
