IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM L. SMITH, #Y56075, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-01655-JPG |
| ) | |
| PAUL URASKI and ) | |
| FRANKLIN COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff William Smith on April 28, 2023. (Doc. 35). Plaintiff brings claims of excessive force during his arrest by Franklin County Sheriff's Deputy Paul Uraski on March 13, 2022. (*Id*. at 7-9). He seeks money damages. (*Id*. at 10). The Second Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A, which requires the Court to promptly review prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

**Second Amended Complaint**

Plaintiff makes the following allegations (Doc. 35, pp. 7-9): on March 13, 2022, Plaintiff was pulled over and arrested by Franklin County Sheriff's Deputy Officer Uraski. At the time, he was riding a 2007 Yamaha R6 and wearing an enclosed helmet with a cloth mask covering his face. The officer ordered Plaintiff to place his hands behind his back. Officer Uraski did not inform Plaintiff why he was being arrested or detained. When Plaintiff asked why, the officer

1

swept his legs, threw him to the ground, sprayed him in the face with mace, and shut his face mask. As he began to suffocate, Plaintiff fought to remove his helmet from his face. (*Id*.).

Meanwhile, Officer Uraski cuffed Plaintiff's left wrist tightly, bent Plaintiff's arm behind his back and upward, and jammed his knee into Plaintiff's back. In the process, Officer Uraski injured Plaintiff's arm, causing him to suffer from tingling and numbness. As Plaintiff begged the officer to remove his helmet because he could not breathe, the officer yelled at him to "cuff up." Plaintiff kept screaming, "I'm su[ff]ocating, I can't breathe, I'm dying. Please. Please help me get the helme[ ]t off!" (*Id*. at 8).

Officer Pritchard was the only officer who attempted to remove the helmet, but he could not locate the strap. Plaintiff continued to fight to remove his own helmet. Eventually, Officer Pritchard ripped the shield off Plaintiff's helmet and allowed him to get oxygen. Still struggling to breathe with a burning face and eyes, Plaintiff lost consciousness. Plaintiff claims that video footage of the incident reveals that someone turned up the music in the police cruiser to drown out Plaintiff's cries for help. (*Id*. at 9).

## Discussion

The Court has reviewed the *pro se* Second Amended Complaint and identified the following claim:

**Count 1:**   Fourth Amendment excessive force claim against Paul Uraski for using excessive force against Plaintiff during his arrest on March 13, 2022.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

Court 1 survives preliminary review against Officer Uraski under the Fourth Amendment, which safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures. *See Torres v. Madrid*, -- U.S. --, 141 S.Ct. 989, 993, 995-96 (2021)

(application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not subdue the person). The allegations suggest that Officer Uraski used unreasonable and excessive force against Plaintiff when arresting him on or around March 13, 2022. Therefore, Count 1 shall receive further review against the officer.

This claim does not survive review against Franklin County Sheriff's Department. This entity is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of the sheriff's department may represent an attempt to hold Franklin County liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury, and he identifies no such policy or custom in the Second Amended Complaint. Count 1 shall be dismissed without prejudice for failure to state a claim against Franklin County Sheriff's Department.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 35) survives screening as follows: **COUNT 1** will receive further review against **OFFICER URASKI** in his or her individual capacity and is **DISMISSED** without prejudice against **FRANKLIN COUNTY SHERIFF'S DEPARTMENT** for failure to state a claim upon which relief may be granted. All official capacity claims are **DISMISSED without prejudice** because the Second Amended Complaint fails to state any official capacity claims for relief.

The Clerk of Court shall prepare for **OFFICER URASKI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 35), and this Memorandum and Order to Defendant's place of employment. If the Defendant

fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order</u>**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED**.

**DATED: 5/9/2023**         s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice**

  The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your Second Amended Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least 60 days from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.